CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-5737 Kuakini Highway, Suite 102
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 322-3389
Facsimile:   (202) 204-5181
E-Mail:        kculpepper@culpepperip.com

Attorney for Plaintiffs
Venice PI, LLC.
LHF Productions, Inc.,
ME2 Productions, Inc., and
Bodyguard Productions, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Venice PI, LLC,<br>LHF Productions, Inc.,<br>ME2 Productions, Inc., and<br>Bodyguard Productions, Inc.,<br><br>Plaintiffs,<br>vs.<br><br>DOE 1 d/b/a popcorn-time.to, and<br>CLINTON BOVEE<br><br>Defendants. | Case No.: 17-cv-335-LEK-KJM<br>(Copyright)<br><br>SECOND AMENDED<br>COMPLAINT; DECLARATION<br>OF COUNSEL; EXHIBITS 1-8<br><br>(1) DIRECT COPYRIGHT<br>     INFRINGEMENT<br><br>(2) CONTRIBUTORY<br>     COPYRIGHT<br>     INFRINGEMENT |

## SECOND AMENDED COMPLAINT

First Plaintiff Venice PI, LLC, Second Plaintiff LHF Productions, Inc.,

Third Plaintiff ME2 Productions, Inc., and Fourth Plaintiff Bodyguard Productions,

Inc. (referred to sometimes hereafter collectively as "Plaintiffs"), file this Second Amended Complaint against Defendants DOE 1 d/b/a popcorn-time.to  and CLINTON BOVEE ("Defendants") and allege as follows:

## I.   NATURE OF THE ACTION

1.    Plaintiffs bring this action to stop the massive piracy of their motion pictures brought on by the software application Popcorn Time.  The Defendant DOE 1 misleadingly promotes Popcorn Time as a legitimate means for viewing content to members of the public such as Defendant CLINTON BOVEE, who eagerly install Popcorn Time to watch copyright protected content, thereby helping achieve Defendant DOE 1's objective of facilitating free content contribution.  Defendant DOE 1 fancies itself as a modern day "Robin Hood", but rather than feeding the poor, they have placed hundreds of individuals (including Defendant CLINTON BOVEE) in Hawaii if not thousands of individuals in the United States in legal peril for copyright infringement while Defendant DOE 1 hides behind a Tongan top level domain and an anonymous registrant and enjoys the success of its illicit enterprise.

2.    To halt Defendants' illegal activities, Plaintiffs bring this action under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq. (the "Copyright Act") and allege that Defendants are liable for (1) direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501; and, (2) contributory copyright infringement.

20-008A

2

## II.   JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. seq., (the Copyright Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition).

4.     Defendant DOE 1 solicits, transacts, or is doing business within this jurisdiction, and has committed unlawful and tortious acts both within and outside this jurisdiction with the full knowledge that its acts would cause injury in this jurisdiction.

5.     Defendant DOE 1 causes harm to Plaintiffs' business within this District by diverting customers in this District to unauthorized Internet-based content distribution services through, at least, their websites and the Popcorn Time software application they distribute.  As such, Defendant DOE 1 has sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over it.

6.     Defendant CLINTON BOVEE (as shown in Exhibit "1") either resides in, solicits, transacts, or is doing business within this jurisdiction, and has committed unlawful and tortious acts both within and outside this jurisdiction with the full knowledge that his acts would cause injury in this jurisdiction.  As such, Defendant CLINTON BOVEE has sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over him.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) - (c)

20-008A

because: (a) all or a substantial part of the events or omissions giving rise to the claims occurred in this District;  (b) the Defendant CLINTON BOVEE resides, and therefore can be found, in this District; and (c)(3) if Defendant DOE 1 is not a resident of the United States it may be sued in this District.

## III.   PARTIES

### A.   The First Plaintiff, Venice PI, LLC.

8.    The First Plaintiff Venice PI, LLC ("Venice") is a limited liability company organized under the laws of California with principal offices in Los Angeles, California.

9.    Venice is an affiliate of Voltage Pictures, a production company with a notable catalog of major motion pictures.  (www.voltagepictures.com).

10.    Venice is the owner of the copyright for the motion picture in the First Work *"Once Upon a Time in Venice"*, ("First Work") a major motion picture released in June of 2017.

11.    The First Work is about a private investigator who must follow a bizarre and comic path to recover his stolen dog.

### B.  The Second Plaintiff LHF Productions, Inc.

12.    The Second Plaintiff London Has Fallen, Inc. ("LHF") is a corporation organized and existing under the laws of the state of Nevada with principal offices

in Los Angeles, California.

13.     LHF is an affiliate of Millennium Funding, Inc.

14.     LHF is the owner of the copyright for the motion picture in the Second Work "*London Has Fallen*", ("Second Work") a major motion picture released in 2016 and the sequel to the successful 2013 theatrical release *Olympus Has Fallen*.

## C.   The Third Plaintiff, ME2 Productions, Inc.

15.     Third Plaintiff ME2 Productions, Inc. (ME2) is a corporation organized and existing under the laws of the State of Nevada.

16.     ME2 is an affiliate of Millennium Funding, Inc., a production company and distributor of a notable catalog of major motion pictures. (www.millenniumfilms.com).

17.     ME2 is the owner of the copyright for the motion picture in the Work "*Mechanic: Resurrection*" ("Third Work") a major motion picture released in 2016.

18.     The Third Work is the sequel to the highly successful 2011 film "*The Mechanic*". The Third Work is a major production with notable actors, a national advertising campaign and a significant opening release in over 2,200 screens, promoted in part by its web site: http://www.mechanic.movie.

## D. The Fourth Plaintiff, Bodyguard Productions, Inc.

19.     The Fourth Plaintiff Bodyguard Productions, Inc. ("Bodyguard") is a corporation organized and existing under the laws of the State of Nevada.

20-008A

20.     Bodyguard is the owner of the copyright for the motion picture in the Fourth Work *The Hitman's Bodyguard*, ("Fourth Work") a major motion picture released in 2017.

21.     The Fourth Work is an action movie directed by Patrick Hughes, and stars Ryan Reynolds as the world's top bodyguard, and Samuel L. Jackson as a hitman and his new client.  The Work tells the story of how the hitman and the bodyguard must put aside their difference and work together so that the hitman can testify at the International Court of Justice.

22.     The Plaintiffs' motion pictures will be referred to collectively sometimes here as the "Works".

### E.  The Defendant

23.     The Defendant DOE 1 refers to an unknown number of individuals who distribute copies of Popcorn time and promote it for the infringing purpose of "watch torrent movies instantly", including Plaintiffs' copyright protected Works.

20-008A



24.     Defendant DOE 1 operates an interactive website www.popcorn-time.to as of June 14, 2018.

25.     On the website, Defendant DOE 1 describes Popcorn Time as having "No restrictions" and "Watch any movie or TV Show as many times as you want".



20-008A

26.    Defendant DOE 1 states on the website (https://blog.popcorn-time.to/), "Popcorn Time is an absolutely free service which enables millions…to watch almost all the movies that were ever screened on this planet…." and "Its main objective is to make the films available to…those who are unable to consume…because they cannot afford to buy expensive dvd's or to subscribe to a local cable…or to Netflix."



27.    Defendant DOE 1's website includes a link to download Popcorn time Beta 6.0.

28.    Clicking on the link automatically starts download of an executable file that when installed on a computing device installs Popcorn time.

29.    Defendant DOE 1 uses a top level domain ".TO" which is the Internet country code domain of the island kingdom of Tonga.

8

20-008A

30.    The registrar for the website popcorn-time.to is Cloudflare.

31.    The    Name    Servers    for    the    website    popcorn-time.to    are

henry.ns.cloudflare.com and miki.ns.cloudflare.com.

32.    The website popcorn-time.to is hosted by BlackHOST.



33.    The .TO domain makes registrations private, thereby concealing the

identify of Defendant DOE 1.

20-008A



34.    The Defendant CLINTON BOVEE is a member of a group of BitTorrent users or peers whose computers are collectively interconnected for the sharing of a particular unique file, otherwise known as a "swarm". The particular file a BitTorrent swarm is associated with has a unique "hash" number, which in this case is: SHA1:_87613C90F985DC3142D60FBEA0BAF966F3D53A2A (the "Unique Hash Number") for the First Work as shown in Exhibit 1.

35.    Previously identified as Doe 15, First Plaintiff has discovered that Defendant CLINTON BOVEE is the individual at Internet Protocol (IP) address 72.253.205.136 who infringed the First Work initially on 2017-6-19 4:06 UTC.

36.    Hawaiian Telcom, the Internet Service Provider (ISP) for IP address 72.253.205.136, indicated that the IP address 72.253.205.136 was assigned to Defendant on 2017-6-19 4:06 UTC.

20-008A

37.    Upon information and belief, Defendant CLINTON BOVEE's residence is a stand-alone home and it is unlikely a third party was able to obtain the consistent access for the observed activity through hacking or any other means making the Defendant an occupant and permissive user of the IP address.

38.    First Plaintiff has discovered that Defendant CLINTON BOVEE is the same defendant as Doe 1 in an earlier copyright infringement case ("First Case") 1:17-cv-00165-RLP-NONE concerning the Copyrighted Work *Eliminators*.

39.    With regards to the First Case, the ISP indicated that the IP address 72.253.205.136 was assigned to Defendant CLINTON BOVEE's landlord on 2017-01-28 08:17:48 UTC.

40.    The Defendant CLINTON BOVEE installed or had installed the BitTorrent Client application Popcorn Time on his computer.

41.    The Defendant downloaded and/or shared a copy of the Copyright protected Work *Eliminators* on 2017-01-28 08:17:48 UTC as shown in Exhibit 1.

42.    The Defendant CLINTON BOVEE downloaded and/or shared a copy and thereby infringed the Second Work on 2/6/2017 10:46 UTC as shown in Exhibit 1.

43.    The Defendant CLINTON BOVEE downloaded and/or shared a copy and thereby infringed the Third Work on 2/6/2017 11:49 UTC as shown in Exhibit 1.

11

20-008A

44.    The Defendant CLINTON BOVEE downloaded and/or shared a copy of the Copyright protected Work *Sniper Special Ops* on 4/4/2017 07:21:00 UTC as shown in Exhibit 1.

45.    The Defendant CLINTON BOVEE downloaded and/or shared a copy of the Copyright protected Work *I Am Wrath* on 6/10/2017 07:19:00 UTC as shown in Exhibit 1.

46.    The Defendant CLINTON BOVEE downloaded and/or shared a copy of the Copyright protected Work *Lady Bloodfight* on 8/6/2017 06:29:00 UTC as shown in Exhibit 1.

47.    The Defendant CLINTON BOVEE downloaded and/or shared a copy and thereby infringed the Fourth Work on 9/4/2017 18:09 UTC.

48.    The Defendant CLINTON BOVEE has been confirmed sharing and/or downloading nearly 181 contents at the IP address from 12/21/2016 to 9/4/2017.

49.    All of the confirmed sharing and/or downloading shared a common Peer ID prefix "2D5554323231302D".

50.    The Defendant CLINTON BOVEE has been confirmed to have shared and/or downloaded First Plaintiff's work 4 times during the time period 12/21/2016 to 9/4/2017 as shown in Exhibit 1.

51.    The Defendant CLINTON BOVEE has been confirmed to have shared and/or downloaded Second Plaintiff's work 15 times during the time period

12/21/2016 to 9/4/2017 as shown in Exhibit 1.

52. The Defendant CLINTON BOVEE has been confirmed to have shared and/or downloaded Third Plaintiff's work 3 times during the time period 12/21/2016 to 9/4/2017 as shown in Exhibit 1.

53. The Defendant CLINTON BOVEE has been confirmed to have shared and/or downloaded Fourth Plaintiff's work 2 times during the time period 12/21/2016 to 9/4/2017 as shown in Exhibit 1.

## IV.  JOINDER

54. Pursuant to Fed. R. Civ. P. 20(a)(1), each of the Plaintiffs are properly joined because, as set forth in detail above and below, the Plaintiffs assert: (a) a right to relief arising out of the same transaction, occurrence, or series or transactions, namely the use of BitTorrent client application Popcorn Time at the Defendant CLINTON BOVEE's IP address; and (b) that there are common questions of law and fact. The Defendant CLINTON BOVEE used the same internet service, the same software (Popcorn Time) and same computer to download and distribute each of Plaintiffs' motion pictures in the same way.

55. Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was properly joined because, as set forth in more detail below, the Plaintiffs assert: (a) a right to relief arising out of the same transaction, occurrence, or series or

20-008A

transactions, namely the distribution of Popcorn Time for distributing Plaintiffs' Works by Defendant DOE 1 to Defendant CLINTON BOVEE; and (b) there are common questions of law and fact.

## V.   FACTUAL BACKGROUND

### A. *The First Plaintiff Owns the Copyright to the Work*

56.    The First Plaintiff is the owner of the copyright for the motion picture for the First Work.

57.    The First Work is the subject of copyright registration (Registration Number PA 2-039-391) for the motion picture, and this action is brought pursuant to 17 U.S.C. § 411.  *See,* Exhibit "2".

58.    The Second Plaintiff is the owner of the copyright for the motion picture for the Second Work.

59.    The Second Work is the subject of copyright registration (Registration Number PA 1-982-831) for the motion picture, and this action is brought pursuant to 17 U.S.C. § 411.  *See,* Exhibit "3".

60.    The Third Plaintiff is the owner of the copyright in the Third Work. The Third Work is the subject of a copyright registration (Registration Number PA 1-998-057), and this action is brought pursuant to 17 U.S.C. § 411.  *See* Exhibit "4".

61.    The Fourth Plaintiff is the owner of the copyright for the motion picture

20-008A

for the Fourth Work.

62.    The Fourth Work is the subject of copyright registration (Registration Number PAu 3-844-508) for the motion picture, and this action is brought pursuant to 17 U.S.C. § 411.  *See,* Exhibit "5".

63.    The motion pictures for the First, Second, Third and Fourth Works are currently offered for sale in commerce.

64.    Defendant had notice of First, Second, Third and Fourth Plaintiff's rights through general publication and advertising associated with the motion picture, packaging and copies, and at least the credits indicated in the content of the motion picture which bore a proper copyright notice.  *See,* Exhibits 6-8.

## B. Defendant DOE 1 intentionally induces users' Infringements of the Plaintiffs' Copyrights

65.    Popcorn Time allows users to download a copy of each of Plaintiffs' Works.

66.    Neither Defendants have a license from Plaintiffs to distribute copies of Plaintiffs' Works.

67.    Defendant DOE 1 advertises Popcorn Time for being used for infringing Copyright protected Works, including Plaintiffs'.

68.    Popcorn Time is using the BitTorrent client application protocol to allow users to download copyright protected content, including Plaintiffs' Works

20-008A

from Torrent sites.

69.     Defendant DOE 1 distributes Popcorn Time to users, including Defendant CLINTON BOVEE.

70.     Defendant CLINTON BOVEE downloaded Popcorn Time from Defendant DOE 1's website.

71.     Defendant CLINTON BOVEE used Popcorn Time for its intended and unquestionably infringing purposes, most notably to obtain immediate, unrestricted, and unauthorized access to unauthorized copies of Plaintiffs' Copyrighted Works.

72.     Defendant DOE 1 promotes the use of Popcorn Time for overwhelmingly, if not exclusively, infringing purposes, and that is how Defendant CLINTON BOVEE used Popcorn Time.

73.     Defendant DOE 1 urges the Popcorn Time users to download infringing content.

74.     Defendant DOE 1 urges the Popcorn Time users to share copies ("seed") copyright protected content by including an "enable seeding" check box.

20-008A



Popcorn Time will live way past us… Unless there's like nuclear war or the world ends or something like that…
(touch wood).

What does beta 5.0 have in store for you all?

1. A complete make over with UI/UX that just screams – watch movies now!!!
2. Anime section – yes, lots of you asked for it, now you have it!
   Cartoons section – it's there now, not working yet, but will be activated in the next few days!
3. Seeding – Up until now upon downloading a movie with Popcorn Time you would seed the torrent
   only while it downloads. Un-intentionally we created a community of leaches (sorry community) and
   it's time to change that. In the new version there's an "enable seeding" check box, though just a few
   hours ago we found a few issues with this feature so at the moment it's disables and it will be enabled
   in the upcoming days.
4. Search suggestions (auto complete) – In case you're not sure about the full name of the movie…
5. Keyboard navigation
6. A huge and growing library of movies – Now lets see you guys find movies that are not on Popcorn
   Time 😊
7. Previously watched list – in case you don't know exactly what movies you've watched, what episode
   you're on etc.
8. Connection to several movie sources, so if one goes down for some reason, we've got you covered.
9. Bug fixes.

75.    Defendant DOE 1 use their website(s) to announce software updates to

Popcorn Time and advertise the availability of infringing content.

20-008A





Download Popcorn Time

76.    The commercial value of Defendant DOE 1's Popcorn Time depends on high-volume use of unauthorized content through Popcorn Time. Defendant DOE 1 promise their users reliable and convenient access to all the content they can download and users install Popcorn Time on their devices based on Defendant DOE 1's apparent success in delivering infringing content to their customers.

77.    Defendant DOE 1 uses the email address thetime4popcorn@gmail.com to solicit feedback.

78.    Defendant DOE 1 even asserts copyright protection for their website.

18



solves the issue of "not enough space" some users were having.

To choose app's download location, a user must go to settings menu and there under downloads section, choose cache folder and choose the location which has more space.

Other than that we:

1. Added to player swipe control for volume, brightness and seek.
2. Added double tap option for play/pause video
3. Improved preparing and buffering speed
4. Added content providers
5. Fixed some crashes from crash reports

And we're feeling good 

 « Previous Page

© 2018 Popcorn Time – Blog All Rights Reserved.

### C. The Defendant CLINTON BOVEE Used Defendant DOE 1's Popcorn Time To Infringe the Plaintiffs' Copyright

79.     Popcorn Time uses the BitTorrent protocol, which is one of the most common peer-to-peer file sharing protocols (in other words, set of computer rules) used for distributing large amounts of data.

80.     The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network. In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected

20-008A

to another), the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

### 1. Defendant CLINTON BOVEE Installed a BitTorrent Client onto his or her Computer

81.     A BitTorrent "Client" is a software program that implements the BitTorrent Protocol.  Popcorn Time is one such software program.

82.     Once installed on a computer, the BitTorrent "Client" serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol.

83.     Defendant installed Popcorn Time onto his computer.

### 2. The Initial Seed, Torrent, Hash and Tracker

84.     A BitTorrent user that wants to upload a new file, known as an "initial seeder," starts by creating a "torrent" descriptor file using the Client he or she installed onto his or her computer.

85.     The Client takes the target computer file, the "initial seed," here the copyrighted Work, and divides it into identically sized groups of bits known as "pieces."

86.     The Client then gives each one of the computer file's pieces, in this case, pieces of the copyrighted Work, a random and unique alphanumeric identifier

known as a "hash" and records these hash identifiers in the torrent file.

87.    When another peer later receives a particular piece, the hash identifier for that piece is compared to the hash identifier recorded in the torrent file for that piece to test that the piece is error-free. In this way, the hash identifier works like an electronic fingerprint to identify the source and origin of the piece and that the piece is authentic and uncorrupted.

88.    Torrent files also have an "announce" section, which specifies the URL (Uniform Resource Locator) of a "tracker," and an "info" section, containing (suggested) names for the files, their lengths, the piece length used, and the hash identifier for each piece, all of which are used by Clients on peer computers to verify the integrity of the data they receive.

89.    The "tracker" is a computer or set of computers that a torrent file specifies and to which the torrent file provides peers with the URL address(es).

90.    The tracker computer or computers direct a peer user's computer to other peer user's computers that have particular pieces of the file, here the copyrighted Work, on them and facilitates the exchange of data among the computers.

91.    Depending on the BitTorrent Client, a tracker can either be a dedicated computer (centralized tracking) or each peer can act as a tracker (decentralized tracking.)

20-008A

92.     Defendant DOE 1 promotes its own tracker which is at  https://popcorn-tracker.org/ as of June 14, 2018.





### 3. Torrent Sites

93.     "Torrent sites" are websites that index torrent files that are currently being made available for copying and distribution by people using the BitTorrent protocol.  There are numerous torrent websites.

94.     Upon information and belief, Popcorn Time includes direct links to

20-008A

Torrent sites, and Defendant CLINTON BOVEE used Popcorn Time to go to a torrent site to upload and download Plaintiffs' copyrighted Works.

### 4. Uploading and Downloading a Work Through a BitTorrent Swarm

95.   Once the initial seeder has created a torrent and uploaded it onto one or more torrent sites, then other peers begin to download and upload the computer file to which the torrent is linked (here the copyrighted Works) using the BitTorrent protocol and BitTorrent Client that the peers installed on their computers.

96.   The BitTorrent protocol causes the initial seeder's computer to send different pieces of the computer file, here the copyrighted Works, to the peers seeking to download the computer file.

97.   Once a peer receives a piece of the computer file, here a piece of the copyrighted Works, it starts transmitting that piece to the other peers.

98.   In this way, all of the peers and seeders are working together in what is called a "swarm."

99.   Here, Defendant CLINTON BOVEE participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions.

100.   In this way, and by way of example only, one initial seeder can create a torrent that breaks a movie up into hundreds or thousands of pieces saved in the

20-008A

form of a computer file, like the Works here, upload the torrent onto a torrent site, and deliver a different piece of the copyrighted Works to each of the peers. The recipient peers then automatically begin delivering the piece they just received to the other peers in the same swarm.

101.   Once a peer has downloaded the full file, the BitTorrent Client reassembles the pieces and the peer is able to view the movie. Also, once a peer has downloaded the full file, that peer becomes known as "an additional seed," because it continues to distribute the torrent file, here the copyrighted Works.

**5.   The Plaintiffs' Computer Investigators Identified the Defendant CLINTON BOVEE's IP Addresses as a Participant in a Swarm That Was Distributing the Plaintiffs' Copyrighted Works**

102.   The Plaintiffs retained Maverickeye UG ("MEU") to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the Internet to reproduce, distribute, display or perform the Plaintiff's copyrighted Work.

103.   MEU used forensic software to enable the scanning of peer-to-peer networks for the presence of infringing transactions.

104.   MEU extracted the resulting data emanating from the investigation, reviewed the evidence logs, and isolated the transactions and the IP addresses associated therewith for the files identified by the SHA-1 hash value of the Unique

24

Hash Number.

105.   The IP addresses, Unique Hash Numbers, and hit dates contained on Exhibit "1" accurately reflect what is contained in the evidence logs, and show: (1) that Defendant had copied a piece of each of the Plaintiffs' copyrighted Works; (2) the Works identified by a respective Unique Hash Number.

106.   Through each of the transactions, the Defendant CLINTON BOVEE's computer used his identified IP addresses to connect to the investigative server from a computer in this District in order to transmit a full copy, or a portion thereof, of a digital media file identified by the Unique Hash Number.

107.   MEU's agent analyzed each BitTorrent "piece" distributed by the IP address listed on Exhibit "1" and verified that re-assemblage of the pieces using a BitTorrent Client results in a fully playable digital motion picture of the respective Work.

108.   MEU's agent viewed the Work side-by-side with the digital media file that correlates to the Unique Hash Number and determined that they were identical, strikingly similar or substantially similar.

## D. The Defendant DOE 1 contributed to Defendant CLINTON BOVEE's Infringement of the Plaintiffs Works.

109.   Defendant CLINTON BOVEE learned about Popcorn Time from the Defendant DOE 1' websites.

25

110.   The deceptive language on Defendant DOE 1's websites convinced Defendant CLINTON BOVEE that Popcorn Time allowed him to legally watch free movies.

111.   Defendant CLINTON BOVEE followed the instructions on Defendant DOE 1's websites to download Popcorn Time to his device while in Hawaii.

112.   Upon information and belief, Defendant CLINTON BOVEE used Popcorn Time to copy and distribute the Plaintiffs' Works.

## VI. FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

113.   Plaintiffs re-alleges and incorporates by reference the allegations contained in each of the foregoing paragraphs.

114.   Plaintiffs are the copyright owner of the respective Works which contains an original work of authorship.

115.   By using the BitTorrent protocol and a BitTorrent Client Popcorn Time and the processes described above, Defendant CLINTON BOVEE copied the constituent elements of the registered Works that are original.

116.   Each of the Plaintiffs did not authorize, permit, or provide consent to the Defendant CLINTON BOVEE to copy, reproduce, redistribute, perform, or display its Work.

20-008A

117.   As a result of the foregoing, Defendant CLINTON BOVEE violated each of the Plaintiffs' exclusive right to: (A) Reproduce the Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501; (B) Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501; (C) Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images; and, (D) Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Works non-sequentially and transmitting said display of the Works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display.)

118.   The Defendant CLINTON BOVEE's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

119.   By engaging in the infringement alleged in this Complaint, the Defendant CLINTON BOVEE deprived not only the producer of the Works from income that could have been derived when this film was shown in public theaters and offered for sale or rental, but also all persons involved in the production and marketing of this film, numerous owners of local theaters and retail outlets in Hawaii and their employees, and, ultimately, the local economy.  The Defendant CLINTON BOVEE's misconduct therefore offends public policy.

20-008A

120.   The Plaintiffs have suffered damages that were proximately caused by the Defendant CLINTON BOVEE's copyright infringements including, but not limited to lost sales, price erosion, and a diminution of the value of its copyright.

## VII. SECOND CLAIM FOR RELIEF

### (Contributory Copyright Infringement)

121.   Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

122.   By participating in the BitTorrent swarm, Defendant CLINTON BOVEE induced, caused or materially contributed to the infringing conduct of other unnamed individuals.

123.   The Plaintiffs did not authorize, permit, or provide consent to the Defendant CLINTON BOVEE inducing, causing, or materially contributing to the infringing conduct of other unnamed individuals.

124.   Defendant CLINTON BOVEE knew or should have known that the other BitTorrent users in a swarm with it were directly infringing the Plaintiffs' copyrighted Works by copying constituent elements of the registered Works that are original.  Indeed, Defendant CLINTON BOVEE directly participated in and therefore materially contributed to others' infringing activities.

125.   The Defendant CLINTON BOVEE's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

28

20-008A

126. By engaging in the contributory infringement alleged in this Complaint, the Defendant CLINTON BOVEE deprived not only the producer of the Works from income that could have been derived when this film was shown in public theaters and offered for sale or rental, but also all persons involved in the production and marketing of this film, numerous owners of local theaters and retail outlets in Hawai'i and their employees, and, ultimately, the local economy.  The Defendant CLINTON BOVEE's misconduct therefore offends public policy.

127. The Plaintiffs have suffered damages that were proximately caused by the Defendant CLINTON BOVEE's contributory copyright infringement including, but not limited to lost sales, price erosion, and a diminution of the value of its copyright.

## VIII. THIRD CLAIM FOR RELIEF
### (Contributory Copyright Infringement based upon Inducement of Torrenting)

128. Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

129. Plaintiffs are the copyright owners of the Works which each contains an original work of authorship.

130. Defendant DOE 1 had actual knowledge of third parties' infringement of Plaintiffs' exclusive rights under the Copyright Act.

131. Defendant DOE 1 intentionally induces the infringement of Plaintiffs'

20-008A

exclusive rights under the Copyright Act, including infringement of Plaintiffs'
exclusive right to distribute copies of Copyrighted Works. As intended and
encouraged by Defendant DOE 1, Popcorn Time connects users to Torrent sources
and/or sites that deliver copies of Plaintiffs' Copyrighted Works.  The operators of
these Torrent sources directly infringe Plaintiffs' exclusive rights by providing
unauthorized copies of the works to the public, including to Popcorn Time users.

132.   Once the Popcorn Time user has obtained a complete copy of the
Plaintiffs' Copyrighted Works, that particular user also becomes another Torrent
source that delivers copies of Plaintiffs' Copyrighted Works.

133.   These operators, or others operating in concert with them, control the
facilities and equipment used to store and distribute the content, and they actively
and directly cause the content to be distributed when Popcorn Time app users click
on a link for the content.

134.   Defendant DOE 1 induces the aforementioned acts of infringement by
supplying Popcorn Time that facilitates, enables, and creates direct links between
their users and the infringing Torrent sources, and by actively inducing, encouraging
and promoting the use of Popcorn Time for blatant copyright infringement.

135.   Defendant DOE 1's intentional inducement of the infringement of
Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and
distinct act of infringement.

20-008A

136.   Defendant DOE 1's inducement of the infringement of Plaintiffs' Copyrighted Works is willful, intentional, and purposeful, and in disregard of and with indifference to the rights of the Plaintiffs.

137.   Defendant DOE 1's actions are a direct and proximate cause of the infringements of Plaintiffs' Works.

## IX. FOURTH CLAIM FOR RELIEF
### (Contributory Copyright Infringement based upon Material Contribution)

138.   Plaintiffs re-allege and incorporate by reference the allegations contained in each of the foregoing paragraphs.

139.   Defendant DOE 1 has actual or constructive knowledge of infringement of Plaintiffs' exclusive rights under the Copyright Act.  Defendant DOE 1 knowingly and materially contributes to such infringing activity.

140.   Defendant DOE 1 knowingly and materially contributes to the infringement of Plaintiffs' exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to publicly perform and distribute their works. Defendant DOE 1 designs and promotes the use of Popcorn Time to connect customers to unauthorized online sources to download copies of Plaintiffs' Copyrighted Works.  The operators of these source repositories directly infringe Plaintiffs' public performance rights by providing unauthorized copies of the works to the public, including to Popcorn Time users. The operators, or others operating in

20-008A

concert with them, control the facilities and equipment used to store and deliver copies of the the content, and they actively and directly cause the content to be distributed when Popcorn Time users click on a link for the content.

141.   Defendant DOE 1 knowingly and materially contributes to the aforementioned acts of infringement by supplying the software application that facilitate, encourage, enable, and create direct links between Popcorn Time users and infringing operators of the streaming and Torrent services, and by actively encouraging, promoting, and contributing to the use of their Popcorn Time for blatant copyright infringement.

142.   Defendant DOE 1 knowing and material contribution to the infringement of Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and distinct act of infringement.

143.   Defendant DOE 1's knowing and material contribution to the infringement of Plaintiffs' Copyrighted Works is willful, intentional, and purposeful, and in disregard of and with indifference to the rights of Plaintiffs.

144.   As a direct and proximate result of the infringement to which Defendant DOE 1 knowingly and materially contributes, Plaintiffs are entitled to damages and Defendant DOE 1's profits in amounts to be proven at trial.

145.   Defendant DOE 1 obtained a direct financial interest, financial advantage, and/or economic consideration from the infringements in Hawaii as a

20-008A

result of their infringing actions in the United States.

146. Defendants' actions are a direct and proximate cause of the infringements of Plaintiffs' Works.

WHEREFORE, the Plaintiffs respectfully requests that this Court:

(A) permanently enjoin Defendant CLINTON BOVEE from continuing to infringe the Plaintiffs' copyrighted Works;

(B) order that Defendant CLINTON BOVEE delete and permanently remove the torrent file relating to the Plaintiffs' copyrighted Works from each of the computers under Defendant's possession, custody, or control;

(C) order that Defendant CLINTON BOVEE delete and permanently remove the copy of the Works Defendant CLINTON BOVEE has on the computers under the Defendant CLINTON BOVEE's possession, custody, or control;

(D) enter temporary, preliminary and permanent injunctions enjoining Defendant DOE 1 from continuing to contribute to infringement of the Plaintiffs' copyrighted Works;

(E) Entry of an Order pursuant to 28 U.S.C §1651(a), The All Writs Act, that, the operator of the websites: (i) popcorn-time.to; and (ii) popcorn-tracker.org immediately remove all versions of the software application Popcorn Time from their website and any references to a Popcorn Tracker;

(F) Entry of an Order pursuant to 28 U.S.C §1651(a), The All Writs Act, that,

33

upon Plaintiffs' request, those in privity with Defendant DOE 1 and those with notice of the injunction, including any Internet search engines, Web hosts, domain-name registrars, and domain name registries and/or their administrators that are provided with notice of the injunction, cease facilitating access to any or all domain names and websites through which Defendant DOE 1 engages in the distribution and promotion of Popcorn Time;

(G) award the Plaintiffs either their actual damages and any additional profits of the Defendants pursuant to 17 U.S.C. § 504(a)-(b) or statutory damages per work pursuant to 17 U.S.C.  § 504-(a) and (c), whichever is greater;

(H) award the Plaintiffs their reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(I) grant the Plaintiffs any and all other and further relief that this Court deems just and proper.

DATED: Kailua-Kona, Hawaii, July 18, 2018.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiffs
Venice PI, LLC.
LHF Productions, Inc.,
ME2 Productions, Inc., and
Bodyguard Productions, Inc.

20-008A