CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:   (202) 204-5181
E-Mail:       kculpepper@culpepperip.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Venice PI, LLC et al., <br><br> Plaintiffs, <br> vs. <br><br> CLINTON BOVEE et al., <br><br> Defendants. | **Case No.: 1:17-cv-00335-JAO-KJM** <br> (Copyright) <br><br> SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [DOC. #76] |

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [DOC.#76]**

Plaintiffs, by and through their attorney, Kerry S. Culpepper, hereby submit their Supplemental Memorandum addressing the issue of personal jurisdiction of Defendant STANISLAV AMELYCHYTS per the Court's Order of Jan. 19, 2019 (hereafter: "Order") [Doc. #77]. As discussed below, personal jurisdiction is

appropriate here because the interactive website <u>and interactive software application Popcorn Time</u> of Defendant STANISLAV AMELYCHYTS (hereafter: "Defendant") facilitate direct contacts with the United States and Hawaii. Accordingly, personal jurisdiction is appropriate pursuant to one or both of Rules 4(k)(2) or 4(k)(1)(A) of the Federal Rules of Civil Procedure. To use the analogy of *Reebok Int'l* cited in the Order, Defendant reached across the Pacific Ocean to contribute to copyright infringement of Plaintiffs' motion pictures here in Hawaii.

I.   **ARGUMENT**

A.   **This Court Has Specific Jurisdiction Over Defendant under Rule 4(k)(1) and the Hawaii long-arm statute.**

Rule 4(k)(1)(A) provides that "[s]erving a summons…establishes personal jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Because Hawaii's long-arm jurisdictional statute (HRS § 634-35) is coextensive with federal due process requirement, the jurisdictional analyses under state law and federal due process are the same. *See Hawaii Forest & Trial Ltd. v. Davey*, 556 F.Supp.2d 1162, 1168 (D. Haw. 2008). In determining whether a Plaintiff has made a *prima facie* showing of jurisdictional facts, the Court must accept uncontroverted allegations in the complaint as true. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). The Court applies a three-part test to determine whether a party has sufficient minimum contacts to be susceptible to

specific personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities into the forum or purposefully avail himself of the privilege of conducting activities in the forum; (2) the claim must arise out of or relate to forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

While all three requirements must be met, the Ninth Circuit has stated that in its consideration of the first two prongs, a strong showing on one axis will permit a lesser showing on the other. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006) (*en banc*). A single forum state contact can support jurisdiction if the cause of action arises out of that particular purposeful contact of the defendant with the forum state. *Id.*

The <u>verified</u> allegations as well as the allegations supported by evidence in the Third Amended Complaint ("TAC") [Doc. #72] establish personal jurisdiction.

## 1a.     Defendant purposefully directed his activities into Hawaii or purposefully availed himself of the privilege of conducting activities in Hawaii by his software application Popcorn Time.

Hawaii's long arm statute provides:

(a) Any person, *whether or not a citizen or resident of this State*, who…in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person…to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of the acts:

      (1) The transaction of any business within this State;
      (2) The commission of a tortious act within this State… HRS § 634-35 (emphasis added).

Although from Ukraine, Defendant committed tortious acts (contributory copyright infringements of Plaintiffs' motion pictures) within Hawaii as defined by HRS § 634-35(a)(2). Particularly, Defendant's Popcorn Time maintains substantial continuous contacts with his users (such as, for example, Kody Kim and Clinton Bovee) after they have installed it on their devices so that his users can infringe content. Briefly, the essence of peer-to-peer software that uses the BitTorrent protocol such as Popcorn Time is that one client device such as that of Kody Kim and Clinton Bovee must be connected to another client who has a piece of the desired file to receive it (a "handshake"). *See* TAC at ¶142 [Doc. #72]. Generally, Popcorn Time performs the handshake via Internet Protocol (IP) addresses. When Plaintiffs' investigator Daniel Arheidt analyzed the network traffic of Defendant's Popcorn Time, he observed a handshake between IP addresses containing the hash associated with the motion picture *The Hitman's Bodyguard*. *See* Decl. of Arheidt at ¶11 [Doc. #72-1]. To put it simply, Popcorn Time not only *knows* the IP addresses of both client devices, it *facilitates* the transfer of the desired file from a client having the desired file to the client devices here in Hawaii. Scanning the peer-to-peer network and isolating the IP addresses is how Plaintiffs' investigator Maverickeye UG ("MEU") was able to observe the

Hawaii based IP addresses of Defendant CLINTON BOVEE (*See* Exhibit "7" of the TAC [Doc. #72-12]) and Kody Kim infringing Plaintiffs' Works (See TAC at ¶¶104, 174 [Doc. #72]). In *Kailieha v. Hayes*, 56 Haw. 306, 536 P.2d 568 (1975), the Hawaii Supreme Court held that under Hawaii's long-arm statute, "[a] tort is committed where the injury occurs, and the phrase 'tortious act' encompasses the injurious consequences of an act." 56 Haw. at 307, 536 P.2d at 569 (citations omitted). Defendant's Popcorn Time's act of connecting, for example, Kody Kim, to other IP addresses so that Kody Kim could receive copies of the motion picture *The Hitman's Bodyguard* constitutes a tortious act (contributory copyright infringement) within Hawaii as provided by HRS § 634-35(a)(2). As alleged in the TAC, this act infringes Plaintiffs' distribution and public performance rights. *See* TAC at ¶¶203 [Doc. #72].

Popcorn Time could, but purposely chooses not to, use geoblocking to filter out IP addresses from the United States and/or Hawaii such as done by legitimate programs for viewing content like Netflix or Hulu in enforcing regional restrictions. *See* https://www.usatoday.com/story/tech/2018/02/07/eu-geoblocking-ban/314310002/ [accessed on 11/4/2018]. In the contrary, Defendant emphasizes that Popcorn Time has "No restrictions". TAC at ¶10 [Doc. #72].

Although from Ukraine, Defendant also holds himself out to transact business within Hawaii as defined by HRS § 634-35(a)(1). Once a user has

5

installed Popcorn Time and begun to use it, it displays clickable advertisements and strong encouragements to the user to use its Virtual Private Network ("VPN") service. *See* Decl. of Arheidt at ¶¶8-9 [Doc. #72-1]. It appears that the VPN service requires a payment to Defendant. *See* Exhibit 20 of the TAC [Doc. #72-25]. This is an instance of Defendant purposefully directing his activities into Hawaii (clickable advertisements) or availing himself of the privilege of conducting activities in Hawaii (VPN referrals) by his software application Popcorn Time.

**1b.   Defendant purposefully directed his activities into Hawaii or purposefully availed himself of the privilege of conducting activities in Hawaii by his interactive website popcorn-time.to.**

In *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, the Ninth Circuit addressed the application of the purposeful availment principle to websites and stated that "operation of an interactive, commercial website is often sufficient" to establish personal jurisdiction. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997). *Cybersell* defined an interactive site as one that allows users to "exchange information with the host computer." *Id.* at 418. In *Mavrix Photo, Inc. v. Brand Tech., Inc.*, the Ninth Circuit considered "the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant 'individually targeted' a plaintiff known to

be a forum resident" to determine if there is "something more." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011) (citations omitted). Defendant operated the interactive website popcorn-time.to where he distributed and promoted Popcorn Time to Hawaii users such as Kody Kim. *See* TAC at ¶172 [Doc. #72], Declaration of Kody Kim at ¶3 [Doc. #72-4]. Particularly, Kody Kim downloaded Popcorn Time from Defendant's website while in Hawaii. Further, Defendant's website includes a forum requiring prior user registration where users interact with him to work on software bugs and provide suggestions. *See* TAC at ¶¶12-14 [Doc. #72]. Accordingly, Defendant's website exchanges information with host computers of users similarly to an interactive website as defined in *Cybersell*.

## 2.  Plaintiffs' claims arise out of or relate to Defendant's forum related activities.

Plaintiffs' claims for contributory infringement arise from Defendant's promotion and distribution of Popcorn Time to Kody Kim (*See* Decl. of Kim [Doc. #72-4]) and Defendant CLINTON BOVEE in Hawaii via his website popcorn-time.to. *See* TAC at ¶¶71, 172 [Doc. #72]. The allegations against Kody Kim are verified by the declaration of Kody Kim himself. Plaintiffs have provided declarations of Counsel and Waymond Ngai in support of the allegations against

Defendant CLINTON BOVEE. *See* Decl. of Ngai at ¶2 [Doc. #72-5] and Decl. of Counsel at ¶¶3, 7 [Doc. #72-2].

Plaintiffs' claims for contributory infringement further arise from Defendant's promotion and distribution of Popcorn Time to Marvin Yangrelig in Hawaii via the Google Play website. *See* Decl. of Yangrelig at ¶¶2-4 [Doc. #72-3].

Plaintiffs' claims for copyright infringement further arise out of Popcorn Time's tortious acts of connecting devices of Hawaii users such as Clinton Bovee, Marvin Yangrelig, Kody Kim, David Cressman, subscriber at IP address 72.234.164.9, subscriber at IP address 70.212.131.178, Zanzalie Matautia, Romel Malacas, Shirly Acosta, Kody Kim, a minor at IP address 72.235.32.78 and Fernando Oleynick via their IP addresses in Hawaii with that of others to copy the Plaintiffs' motion pictures. *See* TAC at ¶¶159-177. These allegations are supported by exhibits in some cases which consist of statements written by these individuals themselves. *See* Exhibits 15-19 of the TAC [Docs. ##72-20 – 72-24].

**3.    The exercise of jurisdiction comports with fair play and substantial justice.**

The burden shifts to the Defendant to prove that the exercise of personal jurisdiction is not reasonable in light of traditional notions of fair play and substantial justice. *See Schwarzenegger*, 374 F.3d at 802.

## B.     Alternatively, this Court Has Specific Jurisdiction Over Defendant under Rule 4(k)(2).

Even if the Court finds that it lacks personal jurisdiction under Hawaii's long-arm statute, this Court would still have specific jurisdiction under the so-called federal long-arm statute provided by Rule 4(k)(2). Plaintiffs have not yet completed service of Defendant. However, once served, personal jurisdiction per Rule 4(k)(2) will be appropriate because: (1) Plaintiffs' claims arise under federal (copyright) law; (2) the Defendant is not subject to the jurisdiction in any state's courts of general jurisdiction; and (3) exercising jurisdiction is consistent with the US Constitution and laws. *See* Fed. R. Civ. P. 4(2).

In *Holland America Line v. Wärtsilä North Amer.*, the Ninth Circuit concluded that "[t]he the due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the [Defendant] … and the forum state, we consider contacts with the nation as a whole." *Holland America Line v. Wärtsilä North Amer*, 485 F.3d 450, 462 (9th Cir., 2007). Accordingly, Plaintiffs will again address the due process analysis of the three-part *Schwarzenegger* due process test with respect to the United States as the forum. *See Schwarzenegger* at 802 (9th Cir. 2004).

## 1. Defendant purposefully directs his activities into the United States and/or purposefully availed himself of the privilege of conducting activities in the United States.

Defendant maintains a nameserver agreement with the California company CloudFlare, Inc. for his website. *See* TAC at ¶12, 47. Up until approximately January of this year, Defendant indirectly rented space at a server from the New York company Velocity Servers, Inc. d/b/a ColoCrossing, Inc. for hosting his website. *See* Id. at ¶52-53.

The interactive nature of Defendant's website extends beyond merely distributing and promoting Popcorn Time. Defendant's website includes a forum where users can interact with Defendant to work on software bugs and provide suggestions. *See* Exhibit "7" of the TAC [Doc. #72-12]. Users are required to register before they can use the forum and agree to the terms of use. Importantly, the terms require the user "not to post…material that may violate any laws be it of your country…" and "doing so may lead to you being...banned, with notification of your Internet Service Provider…" and state that "The IP addresses of all posts are recorded to aid in enforcing these conditions." Id. Further, users are required to agree to comply with the United States Child Online Privacy and Protection Act of 1998 before they can register to join the forums. *See* Exhibit "8" of the TAC [Doc. #72-13].

Defendant, despite being a resident of Ukraine, has provided the website in English. The blog portion of the website includes an image showing exclusively what appear to be not Ukrainian but Hollywood movies to encourage users to use Popcorn Time. *See* Exhibit "9" of the TAC [Doc. #72-14]. Indeed, publicly available data shows that the plurality of the traffic Defendant's website receive comes from the United States of America. *See* Exhibit "10" of the TAC [Doc. #72-13].

**2.    Plaintiff's claims arise out of or relate to forum related activities.**

The Ninth Circuit has measured this requirement in terms of "but for" causation. *See Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995). Defendant distributed and promoted Popcorn Time from his website popcorn-time.to. The website was hosted on ColoCrossing's server (in Piscataway, NJ). The nameserver services for the website were provided by the California company CloudFlare. *See* TAC at ¶¶12, 47, 52-53. As discussed above, Defendants' Popcorn Time facilitates connections between IP addresses in Hawaii with those of others to tortuously distribute and/or publicly perform Plaintiffs' Works. But for these contacts, there would be no direct or contributory infringement of Plaintiffs' Works from Defendant's Popcorn Time as presently alleged. Accordingly, Plaintiffs' claims for Copyright Infringement arise from these activities in the United States.

**3.**    **The exercise of jurisdiction comports with fair play and substantial justice.**

For jurisdiction to be reasonable, it must comport with fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). However, *Burger King* explicitly places upon the Defendant the burden of demonstrating unreasonableness and requires the defendant to put on a "compelling case." Id. at 476-77.

**C.    The Law of the Case Doctrine Possibly Applies**

The law of the case doctrine possibly applies to the present case, at least in an *ex parte* context, because Plaintiffs addressed the issue of personal jurisdiction in their Response to the Order to Show Cause filed on November 5, 2018 [Doc. #70].

Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.) (cert. denied 508 U.S. 951, 113 S. Ct. 2443, 124 L. Ed.2d 661 (1993). The Court issued an Order to Show Cause ("Show Cause Order") on October 9, 2018 ordering Plaintiffs to show cause why the district court should not dismiss without prejudice Defendant Doe 1 (the previous designation for Defendant) [Doc. #67]. Although the main concern of Magistrate Judge Mansfield in the Show Cause Order was joinder, the Order also stated that "the facts alleged against Doe 1 are insufficient to establish

personal jurisdiction". Show Cause Order at pg. 12. Based upon Plaintiffs' Response, the Court withdrew the Show Cause Order, but ordered Plaintiffs to allege the new facts of their Response in the TAC. *See* Order Withdrawing The October 9, 2018 Order to Show Cause and Granting Plaintiffs Leave to File a Third Amended Complaint at pg. 2 [Doc. #71]. Plaintiffs alleged these new facts in the TAC as ordered. Accordingly, Plaintiffs respectfully submit that the issue of personal jurisdiction has already been addressed by this Court at least in an *ex parte* context.

### III. Conclusion.

Accordingly, Plaintiffs respectfully submit that, once Defendant is served, he has sufficient minimum contacts with the United States that will satisfy the three-part *Schwarzenegger* due process test of either the Hawaii long-arm statute or the Federal long-arm statute. It would be highly unjust if Defendant could violate Plaintiffs' rights here in the United States yet evade accountability for his actions.

DATED: Kailua-Kona, Hawaii, January 22, 2019.

CULPEPPER IP, LLLC

/s/ Kerry S. Culpepper
Kerry S. Culpepper

Attorney for Plaintiffs